NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELNORA KIRTLEY AND HEMPEL (USA), Inc., individually and on behalf of all others similarly situated, | : : : : |
| Plaintiffs, | : Civil Action No. 05-5383 (JAG) |
| v. | : : OPINION |
| DHANANJAY G. WADEKAR; ROBERT J. MAURO; et al., | : : : |
| Defendants. | : |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), by Defendants Dhananjay G. Wadekar, Robert J. Mauro, Nitin V. Kotak, Garth Boehm, Iva Klemick, Robert Weinstein, C. Robert Cusick, Elliott F. Hahn, Harry Silverman, David S. Tierney, Jerry I. Treppel, and F. Howard Schneider (collectively, "Defendants"). For the reasons stated below, the motion will be granted in part and denied in part.

**BACKGROUND**

This case involves pharmaceutical products manufactured and sold by Able Laboratories, Inc. ("Able"). According to the Amended Complaint, Plaintiff Elnora Kirtley purchased drugs manufactured by Able. Plaintiff Hempel (USA), Inc. is a corporation that purchased drugs

1

manufactured by Able.[1]  Defendants are directors and officers of Able.

Plaintiffs allege that they purchased drugs from Able that did not contain the dosage specified for the product, and that Able's officers and directors knowingly caused the drugs to be marketed with false statements, perpetrating a fraud on the purchasers.  On November 14, 2005, Plaintiffs filed a class action Complaint.  The Amended Complaint filed February 21, 2006, alleges four claims: 1) violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-2; 2) state common law fraud; 3) state common law negligent misrepresentation; and 4) state common law unjust enrichment.

## ANALYSIS

**I.     Governing Legal Standards**

      A.     Standard for a Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  "[A] complaint should not be dismissed for failure to state a claim unless it

---

[1] Although Plaintiffs admitted during briefing that Hempel is a third-party payor that paid for drugs purchased by others (Pls.' Opp. Br. 5), the Amended Complaint alleges that Hempel purchased drugs from Able.  (Am. Compl. ¶ 6.)

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See Morse v. Lower Merion School District, 132 F.3d 902, 906 n.8 (3d Cir. 1997).  All reasonable inferences, however, must be drawn in the plaintiff's favor.  See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist.  See FED. R. CIV. P. 8(a)(2); Conley, 355 U.S. at 45-46.  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy."  New York v. Hill, 528 U.S. 110, 118 (2000).  Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile.  "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

B.    Rule 9(b)

In pleading fraud, FED. R. CIV. P. 9(b) establishes a heightened pleading standard, requiring "plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'"  In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999) (quoting DiLeo v. E&Y, 901 F.2d 624, 627 (7th Cir. 1990)).  "Although Rule 9(b) falls short of requiring

3

every material detail of the fraud such as date, location, and time, plaintiffs must use 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" In re Rockefeller Center Properties, Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002) (quoting In re Nice Systems, 135 F. Supp. 2d 551, 577 (D.N.J. 2001)).

## II.   Defendants' 12(b)(6) Motion to Dismiss

### A.   To what claims does Rule 9(b) apply?

Plaintiffs do not dispute that Rule 9(b) applies to the NJCFA and fraud claims, but contend that it does not apply to the claims for negligent misrepresentation and unjust enrichment. Defendants contend that, under the holding of In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256 (3d Cir. 2006), because the third and fourth claims sound in fraud, Rule 9(b) applies to them as well.

Defendants are correct that Suprema stands for the proposition that Rule 9(b) applies to claims that sound in fraud, but the application of that principle turns on the definition of "sounds in fraud," which is not as straightforward as they suggest. In Suprema, as in the instant case, Plaintiffs described their action generally as arising from fraud. Id. at 270. The Suprema Court, discussing Cal. Pub. Emples'. Ret. Sys. v. Chubb Corp., 394 F.3d 126, 162 (3d Cir. 2004) ("CALPERS"), noted that, in both cases, "a core theory of fraud permeates the action." Suprema, 438 F.3d at 272. Yet the Suprema Court distinguished CALPERS and, in doing so, made clear that the fact that a complaint's core theory is fraud does not mean that every claim sounds in fraud. Id. As Defendants concede, the Suprema Court held that a plaintiff may carve claims out from the core theory of fraud and avoid the requirements of Rule 9(b). Id. at 272. Specifically, "claims do not sound in fraud if ordinary negligence is expressly pled in connection

4

with those claims." Id.

Defendants go wrong when they contend that Plaintiffs have not carved out claim three from the core theory of fraud. Despite incorporating the preceding allegations of fraud, Plaintiffs do expressly allege a cause of action for negligent misrepresentation in the third claim, and clearly state that this is an alternative to the action for fraud. (Am. Compl. ¶ 89.) Following Suprema, the requirements for effectively carving out a claim are easily met: "Here, ordinary negligence is alleged . . . and those claims are pled separately from the . . . fraud claims against the same defendants. That is enough to avoid triggering Rule 9(b)." Id. at 273. Similarly, in the instant case, because negligent misrepresentation is expressly alleged in the third claim, and because the third claim is pled separately from the fraud claims, that is enough to avoid triggering Rule 9(b).

Applying the Suprema test to claim four, for unjust enrichment, leads to the opposite result. The fourth claim incorporates the allegations of fraud and does not distinguish them. It appears to rest on the theory that Defendants were unjustly enriched by their fraud. There is nothing in claim four to notify Defendants that the claim does not sound in fraud. See CALPERS, 394 F.3d at 159 ("an examination of the factual allegations that support Plaintiffs' [] claims establishes that the claims are indisputably immersed in unparticularized allegations of fraud"). This Court determines that claim four sounds in fraud and is subject to the requirements of Rule 9(b).

Plaintiffs attempt to counter Defendants' argument by citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993), and Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). The Third Circuit rejected the same Leatherman and

Swierkiewicz arguments in CALPERS, 394 F.3d at 162.  As the Court noted, those Supreme Court cases involve judicially-created heightened pleading standards, not the application of a rule of procedure.  Id.

>    B.    Do the first, second, and fourth claims meet the particularity requirements of Rule 9(b)?

Plaintiffs' first, second, and fourth claims fail to meet the requirements of Rule 9(b) because they fail to state the circumstances constituting fraud with particularity.  It is not a question of whether there is sufficient detail, because Plaintiffs allege no detail.  Plaintiffs offer only general, conclusory statements that Plaintiffs purchased pharmaceutical products manufactured by the company that Defendants were officers and directors of, and that Defendants marketed the products using false representations, with fraudulent scienter.  Plaintiffs do not allege with particularity any of the facts that would be expected to be within their knowledge: exactly who bought exactly what product when, relying on what false representations made when by whom.  Nor have Plaintiffs employed any alternative means to inject precision into their allegations: there is no precision whatever.

"The purpose of Rule 9(b) is to provide notice of the 'precise misconduct' with which defendants are charged" in order to give them an opportunity to respond meaningfully to the complaint, "and to prevent false or unsubstantiated charges."  Rolo v. City of Investing Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1998) (citing Seville Indus. Machinery v. Southmost Machinery, 742 F.2d 786, 791 (3d Cir. 1984)).  As to claims one, two, and four, the Amended Complaint does not give Defendants notice of the precise misconduct with which they are charged.

This Court does not "require plaintiffs to plead issues that may have been concealed by the defendants." Rolo, 155 F.3d at 658 (citing Christidis v. First Pa. Mortg. Trust, 717 F.2d 96, 99 (3d Cir. 1983)).  The details this Court finds missing should easily be known by Plaintiffs.

The first, second, and fourth claims do not meet the requirements of FED. R. CIV. P. 9(b) and will be dismissed without prejudice.

    C.    <u>Application of the economic loss doctrine</u>

Defendants contend that the economic loss doctrine precludes the assertion of tort claims in this case.  The New Jersey Supreme Court has defined actions for economic loss as "actions for the recovery of damages for costs of repair, replacement of defective goods, inadequate value, and consequential loss of profits." Alloway v. General Marine Indus., L.P., 149 N.J. 620, 627 (N.J. 1997).  Plaintiffs do not dispute that this is an action for economic loss.  The economic loss doctrine, put simply, holds that "purchasers of personal property, whether commercial entities or consumers, should be limited to recovery under contract principles." Id. at 632.  Plaintiffs respond, correctly, that the doctrine does not operate to bar tort actions under theories of fraud or negligent misrepresentation in New Jersey.

This conclusion is clearly implied in Alloway, where the New Jersey Supreme Court observed: "In addition to the right to recover under the U.C.C., victims of fraud or unconscionable conduct possess substantial rights to recover for common-law fraud or for violations of various state and federal statutes." Id. at 639-640.  The Court then cited the relevant U.C.C. provision adopted by New Jersey, which states:

> Unless displaced by the particular provisions of this Act, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake,

>bankruptcy, or other validating or invalidating cause shall supplement its provisions.

N.J. Stat. Ann. § 12A:1-103. Moreover, the Appellate Division of the New Jersey Superior Court has held that the economic loss doctrine does not bar tort claims for fraud and misrepresentation. Coastal Group v. Dryvit Sys., 274 N.J. Super. 171, 177 (N.J. Super. Ct. App. Div. 1994) (the economic loss doctrine "only precludes claims brought under tort principles which are inconsistent with the remedies authorized under the UCC . . . ; however, the UCC expressly preserves a buyer's right to maintain an action for fraud and misrepresentation.").

Recognizing that New Jersey allows fraud claims as an exception to the bar of the economic loss doctrine, Defendants attempt to salvage their position by contending that the exception is limited to fraud that is extrinsic to the contractual dispute.[2] The Third Circuit, however, has noted that while some New Jersey District Courts have followed this principle, New Jersey state courts have not agreed; the Court called this a "morass" and declined to wade into it. Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 144 (3d Cir. 2001). Given that New Jersey state courts do not apply the extrinsic fraud principle proposed by Defendants, and given that New Jersey statutory law expressly preserves a buyer's right to sue for misrepresentation as a supplement to U.C.C. contract remedies, this Court holds that the New Jersey economic loss doctrine does not bar claim three, for negligent misrepresentation.

> D. Is Hempel a consumer within the meaning of the NJCFA?

Defendants contend that Hempel is not a consumer within the meaning of the NJCFA, and thus has no standing to sue under the Act. While there may be some merit to this argument,

---

[2] Defendants further attempt to support their position by inaptly citing Werwinski v. Ford Motor Co., 286 F.3d 661, 678 (3d Cir. 2002), a case decided under Pennsylvania law.

it calls for this Court to consider matters outside the pleadings, since the Amended Complaint alleges that Hempel purchased drugs from Able, and not that Hempel is a third-party payor that reimbursed the purchases of others.  Since this Court has decided to dismiss the NJCFA claim on other grounds, it need not reach this issue.  Were it to do so, however, it would require conversion of this matter to a motion for summary judgment.  FED. R. CIV. P. 12(b); In re Rockefeller, 184 F.3d at 287.

## **CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss Plaintiff's Complaint is granted in part and denied in part.  As to the first, second, and fourth claims, Defendants' motion to dismiss is granted, and the first, second, and fourth claims are dismissed without prejudice.  As to the third claim, Defendants' motion to dismiss is denied.  As to the claims dismissed without prejudice, Plaintiffs are granted leave to amend the Amended Complaint within 45 days of the filing of this Opinion and accompanying Order.

  S/Joseph A. Greenaway, Jr.  
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: August 24, 2006