**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                                    :
ELNORA KIRTLEY, individually and on          :
behalf of all others similarly situated,          :
                                                    :
          Plaintiff,                            :          Civil Action No. 05-5383 (JAG)
                                                    :
              v.                                :          **OPINION**
                                                    :
DHANANJAY G. WADEKAR, ROBERT         :
J. MAURO, NITIN V. KOTAK, GARTH          :
BOEHM, IVA KLEMICK, ROBERT               :
WEINSTEIN, C. ROBERT CUSICK,              :
ELLIOT F. HAHN, HARRY                         :
SILVERMAN, DAVID S. TIERNEY,             :
JERRY I. TREPPEL, F. HOWARD                :
SCHNEIDER, and JAMES B. KLINT,            :
                                                    :
          Defendants.                           :
_____:


**GREENAWAY, JR., U.S.D.J.**

          This matter comes before this Court on the second motion to dismiss Plaintiffs' Amended

Complaint, pursuant to the doctrine against claim splitting, the entire controversy doctrine, and

FED. R. CIV. P. 41(b), by Defendants Dhananjay G. Wadekar, Robert J. Mauro, Nitin V. Kotak,

Garth Boehm, Iva Klemick, Robert Weinstein, C. Robert Cusick, Elliot F. Hahn, Harry

Silverman, David S. Tierney, Jerry I. Treppel, and F. Howard Schneider (collectively,

"Defendants").  For the reasons stated below, the motion will be denied.

1

## BACKGROUND

This case involves pharmaceutical products manufactured and sold by Able Laboratories, Inc. ("Able").  According to the Amended Complaint, Plaintiff Elnora Kirtley purchased drugs manufactured by Able.  Plaintiff Hempel (USA), Inc. is a corporation that purchased drugs manufactured by Able.  Defendants are former directors and officers of Able.

Plaintiffs allege that they purchased drugs from Able that did not contain the dosage specified for the product, and that Able's officers and directors knowingly caused the drugs to be marketed with false statements, perpetrating a fraud on the purchasers.  On November 14, 2005, Plaintiffs filed a class action Complaint.  The Amended Complaint filed February 21, 2006, alleged four claims: 1) violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. STAT. ANN. § 56:8-2; 2) state common law fraud; 3) state common law negligent misrepresentation; and 4) state common law unjust enrichment.

On August 24, 2006, this Court dismissed without prejudice, on motion of the Defendants, all but one count of the Amended Complaint: Count Three, a state common law claim for negligent misrepresentation.  In the Order dismissing those claims (the "August 24 Order"), this Court granted Plaintiffs "leave to amend the Amended Complaint within 45 days" of the filing of the order.  Plaintiffs failed to so amend.  On October 31, 2006, Defendants filed the instant motion seeking 1) dismissal of the negligent representation claim, and 2) dismissal, with prejudice, of the three claims that Plaintiff failed to amend.

## STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S.

Ct. 1955, 1959 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the

decision in other respects). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a

cause of action's elements will not do." Twombly, 127 S. Ct. at 1959. "Factual allegations must

be enough to raise a right to relief above the speculative level on the assumption that all of the

complaint's allegations are true." Id.

      Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if

the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its

face." Twombly, 127 S. Ct. at 1960 (abrogating Conley, 355 U.S. 41). A complaint should be

dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium,

214 F.3d 395, 397-98 (3d Cir. 2000).

      On a motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6),

the court must accept as true all allegations in the complaint and all reasonable inferences that

can be drawn therefrom, and view them in the light most favorable to the non-moving party. See

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994).

      While a court will accept well-pled allegations as true for the purposes of the motion, it

will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions

cast in the form of factual allegations. See Morse v. Lower Merion School District, 132 F.3d

902, 906 n.8 (3d Cir. 1997). All reasonable inferences, however, must be drawn in the plaintiff's

favor. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, the claimant must set

forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist.  See FED. R. CIV. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46, abrogated on other grounds.  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

This Court's review of a motion to dismiss for failure to state a claim is limited to the contents of the complaint, including any attached exhibits.  See Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992); Caine v. Hardy, 943 F.2d 1406, 1411 n. 5 (5th Cir. 1991).

## DISCUSSION

Since the filing of the August 24 Order, Plaintiffs settled a similar adversary proceeding, captioned In re Able Laboratories, Inc./Kirtley v. Able Laboratories, Inc., Case No. 05-33129, in Able Labs' Chapter 11 Voluntary Petition for Bankruptcy (the "Bankruptcy Action").  That settlement appears to be the trigger for Defendants filing of this motion.  Aside from asking for dismissal with prejudice on those claims, which Plaintiff has failed to amend, Defendants attack the entirety of this action based on 1) a pending stay in the Bankruptcy Action; 2) the policy against claim splitting;[1] and 3) the entire controversy doctrine.

---

[1] Claim splitting is where "more than one lawsuit is instituted for a single cause of action."  In re Wilson, 104 B.R. 303 (E.D. Cal. 1989).  The doctrine against claim splitting is "a rule of judicial economy that is imposed in particular cass as a matter of discretion."  Id.  "In deference to principles of federalism, the doctrine against splitting is infrequently applied where a cause of action based upon in personam jurisdiction is split between state and federal court, the general rule being that each court is 'free to proceed in its own way and in its own time without reference to the proceedings in the other court.'"  Id. (citing Kline v. Burke Constr. Co., 260 U.S. 226, 230 (1922)).

I.      **Bankruptcy Stay**

Defendants move for dismissal because the action violates the stay pending in the Bankruptcy Action.  Defendants argue that while this action lists the former directors as the defendants, Able Labs is the true party in interest.  Defendants base this argument on the allegation that some of the fees received by Plaintiffs in their settlement of the adversary proceeding apply to work performed on this action.

Able Labs filed a Chapter 11 Voluntary Petition for Bankruptcy on July 18, 2005.  (Defs.' Br. 5.)  After filing this action, Plaintiff Kirtley filed an adversary complaint in the bankruptcy action.  The adversary complaint alleges violation of the NJCFA, fraud, negligent misrepresentation, and unjust enrichment against Able, the corporation.  On July 28, 2006, Able filed a proposed stipulation and consent order to settle the adversary proceeding.  (Declaration of Daniel Winters ("Winters Decl."), Ex. F (copy of the Motion for an order Approving as Settlement in the Bankruptcy Action).)  On October 11, 2006, the matter was closed.  (Winters Decl., Ex. D (copy of docket sheet for the Bankruptcy Action).)  Neither party set forth, in their motion papers or their accompanying affidavits and declarations, the circumstances surrounding the stay.

The Third Circuit makes clear that Bankruptcy Code Section 362(a) "stays actions only against a 'debtor.'"  McCartney v. Integra Nat'l Bank North, 106 F.3d 506, 509 (3d Cir. 1997).  "As a consequence, '[i]t is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor.'"  McCartney, 106 F.3d at 509-10 (quoting Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991)).

In McCartney, the Third Circuit recognized that some courts have extended the automatic stay to nonbankrupt codefendants in "unusual circumstances." Id. at 510. The Court defined two examples of "unusual circumstances" which would allow the stay to be extended. First, the stay may be extended where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant[,] and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." Id. (quoting A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986) (cert. denied 479 U.S. 876 (1986)). Second, "[c]ourts have extended the stay to nondebtor third parties where stay protection is essential to the debtor's efforts of reorganization." Id.

Defendants' sole argument for dismissal of this action, pursuant to the bankruptcy stay, is that Plaintiffs sought recovery of some of their fees for this action in their settlement in the Bankruptcy Action. This practice might be ill-advised, but that allegation alone does not establish either 1) such an identity between Defendants and Able such that this Court would view Able as the true defendant in this action, or 2) that staying this action is essential to Able's reorganization efforts. Defendants' argument does not satisfy the "unusual circumstances" test. Defendants fail to demonstrate why extending the stay is appropriate here, and, therefore, their motion to dismiss on this theory is denied.

## II.    Claim Splitting

Defendants argue that the remaining cause of action for negligent misrepresentation must be dismissed because Plaintiffs are "engaging in the litigation tactic of 'claims splitting.'"   (Pl. Br. 8.) Defendants rely, primarily, on Meaux v. Northwest Airlines, Inc., No. C-05-3733-CW, 2006 WL 1867748 (N.D. Cal. July 6, 2006). In Meaux, the plaintiff filed an action against

6

Northwest Airlines, alleging several claims.  Id. at *1.  Northwest moved for summary judgment.
During the pendency of that motion, Northwest filed for bankruptcy.  Id.  The plaintiff, who had
notice of the bankruptcy, filed a second, separate action in the district court.  Id.  The second
action was filed against Northwest, a Northwest employee, Eric Edmundson ("Edmundson"), and
the Professional Flight Attendants' Association.  Id.

The plaintiff's first case was dismissed for failure to prosecute.  Id. at *2.  Edmundson
then filed a motion to dismiss in the second action based on the bankruptcy stay and the doctrine
against claim splitting.  The District Court granted the motion on both grounds.

On the doctrine against claim splitting, the Meaux Court stated that "[t]he doctrine
against splitting applies with its greatest force where . . . multiple lawsuits on the same cause of
action are pending in the same court simultaneously."  Id. at *4.  In dismissing plaintiff's claims
against Edmundson, the Court noted that the plaintiff did not amend his complaint in the first
action to add Edmundson, allowing the time to do so to lapse before filing the second action.  Id.
Further, the District Court noted that the plaintiff abandoned the first action, and appeared to
have filed the second action in an attempt to avoid the stay in the bankruptcy action.  Id.  Citing
these reasons, the Court found that the doctrine against claim splitting provided an independent
basis for dismissal of the claims against Edmundson.

Here, Defendants argue that the doctrine against claim splitting should apply.  However,
this Court fails to see how Meaux, or the doctrine against claim splitting, applies in the instant
matter.  Plaintiffs did not file two actions in the district court, adding claims and parties in the
latter action.  Plaintiffs filed an adversary proceeding within an established bankruptcy action
against the debtor.  Plaintiffs filed, nearly simultaneously, this action against former directors and

7

officers of that debtor.  This is not an instance where multiple lawsuits on the same cause of action are pending in the same court simultaneously.  While the action may emanate from the same operative set of facts, there is nothing here that runs afoul of claim splitting.  Defendants' motion to dismiss pursuant to the doctrine against claim splitting is denied.

## III.   Entire Controversy Doctrine

Defendants also argue that the remaining claim should be dismissed pursuant to the entire controversy doctrine.  "[T]he New Jersey courts have a requirement under what is called the 'entire controversy doctrine,' that all claims against all parties relating to the same controversy or subject matter should be asserted in a single litigation or, if not asserted, be forever barred and precluded in the future."  Gilman v. Waters, McPherson, McNeill, PC, 271 F.3d 131, 134 (3d Cir. 2001).

This Court need not reach this issue.  "The entire controversy doctrine is an affirmative defense, waived if not pleaded or otherwise timely raised."  Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 137 (3d Cir. 1999); see Aikens v. Schmidt, 329 N.J. Super. 335, 339-40 (N.J. Super. App. Div. 2000) (prohibiting the use of the entire controversy doctrine because "[t]he entire controversy doctrine is an affirmative defense" and "affirmative defense[s are] waived if not pleaded") (citing Brown v. Brown, 208 N.J. Super. 372, 384 (N.J. Super. App. Div. 1986)).  Defendants filed their original motion to dismiss in lieu of an answer on May 5, 2006.  Defendants did not raise the entire controversy doctrine in that initial responsive pleading.  Defendants have waived their entire controversy doctrine defense.[2]

---

[2] Further, Defendants have not briefed the extent to which the entire controversy doctrine is affected by a) the bankruptcy context, and b) the proposed class action context.  Even if this Court were to allow Defendants to utilize the entire controversy doctrine as an affirmative

IV.     **Abandonment Under FED. R. CIV. P. 41(b)**

Defendants argue that Plaintiffs have abandoned the claims that this Court dismissed in the August 24 Order.  The Order set forth that Plaintiffs would have 45 days from the date of the Order to amend the flawed Amended Complaint.  On October 9, 2006 (45 days after the August 24 Order), Plaintiffs had still not amended the Amended Complaint.  Approximately, two weeks later, Defendants filed this motion.

FED. R. CIV. P. 15(a) provides that "leave [to amend] shall be freely given when justice so requires."  The Supreme Court has stated that "the grant or denial of an opportunity to amend is within the discretion of the District Court, [but] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of that discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules."  Foman v. Davis, 371 U.S. 178, 182 (1962).  "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."  In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997).

Defendants, in their motion, argue that there has been undue delay which "can be attributed only to [Plaintiffs'] improper claim splitting and pursuit of their fees in the Bankruptcy Action."  (Defs.' Br. 13.)  Defendants do not argue bad faith, dilatory motive, or futility, nor do they allege any prejudice.  Thus, this Court addresses only the undue delay argument.

This Court has already rejected Defendants' arguments regarding claim splitting.  Thus, any argument that some degree of undue delay was caused by this motive is misplaced. Further,

---

defense at this late date, the argument has not been briefed sufficiently for this Court to reach a determination at this time.

this Court does not see an undue delay at the time of this motion.  Only two weeks had passed since this Court's deadline for amendment when Defendants filed this motion.  This Court certainly does not condone failure to comply with its orders, but a sanction of dismissal with prejudice is not appropriate at this time.

Plaintiffs offer no reason for their failure to comply with the August 24 Order.  The August 24 Order and the accompanying opinion were clear in setting forth 1) the substantive flaws that needed to be corrected to state adequately  claims for which relief could be granted, and 2) the time in which Plaintiffs were allowed to correct these flaws.  The August 24 Order and Opinion were clear on the date they were filed: August 24, 2006.  Plaintiffs may argue that they have not filed their amended complaint, to date, because of the pendency of this motion.  This assumption has resulted in a windfall of nine months in which Plaintiffs could consider amendment of the Complaint.  On the day this ruling is filed, however, Plaintiffs have no excuse for any further delay.  Plaintiffs will have ten days from the date of this Opinion and Order to file an amended complaint.  Any further disregard for this Court's orders will result in a *sua sponte* dismissal with prejudice of the three previously dismissed claims.

## <u>CONCLUSION</u>

For the reasons stated above, Defendants' motion to dismiss Plaintiffs' Amended Complaint is denied.  Defendants fail to demonstrate any "unusual circumstances" which would lead this Court to apply the bankruptcy stay to this action.  This Court does not find that the doctrine against claim splitting applies.  Further, this Court finds that Defendants waived the affirmative defense of the entire controversy doctrine.  Finally, this Court does not consider Plaintiffs' failure to amend its complaint in a timely manner to be an abandonment of those claims.

As to the first, second, and fourth Counts of the Amended Complaint, Plaintiffs are granted leave to amend the Amended Complaint within 10 days of the filing of this Court's Opinion and Order.

   S/Joseph A. Greenaway, Jr.          
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: July 2, 2007